Jeffrey Douglas MACKLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–91–00370–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 19, 1993.

James Kevin Oncken, Houston, for appellant.

Mary Lou Keel, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

## OPINION ON REMAND

J. CURTISS BROWN, Chief Justice.

The appellant pled not guilty to the offense of aggravated robbery. A jury found him guilty and assessed punishment, enhanced by a prior conviction for credit card abuse, at 40 years confinement, and a $10,000 fine. The appellant raised three points of error on appeal. He alleged: 1) the trial court erred in admitting a handgun into evidence when it previously had determined that it was illegally obtained, 2) his conviction should be overturned due to prosecutorial misconduct, and

3) the trial court erred in admitting Willie Craig's opinion testimony as to appellant's character.

In our original opinion, we sustained the first two points of error and reversed and remanded the case for a new trial. *Macklin v. State*, 1992 WL 49799, No. A14–91–0370–CR (Tex.App.—Houston [14th Dist.] March 19, 1992). The court of criminal appeals vacated our judgment and remanded to this court for a harm analysis on the first point of error. *Macklin v. State*, No. 629–92 (Tex. Crim.App. October 21, 1992). In this opinion, we consider whether the appellant was harmed by the admission of the gun. We will also address the third point of error, which was not addressed in our first opinion.

First, we consider whether the appellant was harmed by the trial court's error. The trial court granted the appellant's pre-trial motion to suppress the handgun because it was illegally seized by police officers. However, the trial court admitted the gun into evidence, without limitation, during the guilt-innocence stage of trial. In our first opinion, we determined this was error. *Macklin v. State*, 1992 WL 49799, No. A14–91–0370–CR, slip op. at 5 (Tex.App.—Houston [14th Dist.] March 19, 1992).

To determine whether the appellant suffered any harm, we focus on the integrity of the process which led to the conviction. *Harris v. State*, 790 S.W.2d 568, 587 (Tex. Crim.App.1989). We consider whether the error at issue might possibly have prejudiced the jurors' decision making process. *Id.*

The state used the gun three times during its case in chief. The prosecutor asked two of the victims of the robbery if state's exhibit no. 9 was "the same or similar" to the gun used by the appellant during the crime. The first witness, Ms. Burns, stated that she was not sure that it was the same gun, but that it looked very similar to the one used by the appellant. The second witness, Ms. Mosby, answered "yes," i.e., the gun appeared the same or similar to the one the appellant used during the robbery. The state then had an officer identify state's exhibit no. 9 as a handgun and as a deadly weapon.

During closing argument at the guilt-innocence stage, the prosecutor stated: "So you heard enough evidence, obviously, and everyone identified the gun or that it was similar to the gun that they saw that day since they didn't get to see it again after he ran out of there." After the jury found the appellant guilty, the prosecutor made the following remarks during arguments on punishment:

And I just can't stop thinking about that in my mind, that picture of him, dressed as he was, as they described him while he's got a gun in his pocket waiting for just the right minute to pull this gun out and to put into somebody's ribs. (Indicating).

The state argues that the appellant was not prejudiced by admission of the gun because the state did not try to prove that the weapon was recovered from the appellant. It argues that the sole contested issue was the identification of the robber. We disagree. The state had to prove every element of the offense beyond a reasonable doubt. The fact that the appellant centered his defense on the issue of identification did not lessen the state's burden.

The state's reference to the gun as "the same" or similar to the weapon used during the crime may have led the jury to believe that it was the same weapon used during the robbery. The comments during arguments may have reinforced those beliefs. After considering the entire record we cannot say that the trial court's admitting the gun into evidence in no way contributed to the appellant's conviction.

■ In addition to the impact of the evidence on the facts of the particular case, a reviewing court should consider whether declaring the error harmless would encourage the state to repeat it with impunity. *Harris v. State*, 790 S.W.2d at 587. Allowing the state to use illegally obtained evidence as substantive evidence would do just that. The entire purpose of the exclusionary rule is to discourage illegal searches and seizures in violation of the Fourth Amendment by making evidence so seized inadmissible. *See Terry v. Ohio*, 392 U.S. 1, 12–13, 29, 88 S.Ct.

1868, 1875, 1884, 20 L.Ed.2d 889 (1968); *Shaffer v. State*, 562 S.W.2d 853, 855 (Tex. Crim.App.1978); TEX.CODE CRIM.PROC.ANN. art. 38.23(a) (Vernon Supp.1993). Since the error was not harmless beyond a reasonable doubt, we will reverse the conviction, and remand the cause for a new trial.

■ We now turn to the appellant's third point of error. He argues the trial court erred by allowing Willie Craig to testify as a character witness during the punishment proceedings. Craig worked at a retail store that the appellant allegedly robbed a few weeks before committing the offense in the present case. Outside the presence of the jury, Craig admitted that he was not certain of the date of the robbery. The appellant objected to the testimony on the basis of TEX.R.CRIM.EVID. 405.[1] The state then showed Craig a copy of the police report which showed that the robbery occurred on September 18, 1990. The offense in the instant case occurred on October 2, 1990. However, Craig stated that he still had no independent recollection of the date of the earlier offense.

The appellant then objected on the grounds that since Craig had no personal knowledge of the date of the earlier offense, and was relying on hearsay in the police report, he was incompetent to testify. The trial court overruled the objection, and allowed Craig to testify.

■ Questions concerning the admissibility of evidence are within the province of the trial court. *Ross v. State*, 763 S.W.2d 897, 904 (Tex.App.—Dallas 1988, pet. ref'd). When the admissibility of evidence depends on some preliminary question of fact, the existence or non-existence of that fact is determined by the trial court. *Id.* A trial court's determination that a sufficient predicate has been laid for the introduction of evidence will not be reversed absent an abuse of discretion. *Smith v. State*, 683 S.W.2d 393, 404 (Tex.Crim.App.1984).

Although he could not remember the exact date, Craig stated that he formed his opinion

---

1. TEX.R.CRIM.EVID. 405 provides, in part, that a witness who gives opinion testimony on the character of an accused must have been familiar with the underlying facts or information upon which the opinion is based prior to the date of the offense.

of the appellant before October 2, 1990. In addition, the trial court heard testimony from another witness who was present with Craig during the robbery. That witness recalled that the date of the robbery was September 18. The police report also showed that the robbery occurred on September 18. The fact that the report was hearsay does not preclude the trial court from considering it during this preliminary determination. TEX. R.CRIM.EVID. 104(a). The trial court did not abuse its discretion. We overrule the third point of error.

Since we found the admission of state's exhibit no. 9 was not harmless error, we reverse and remand this cause for a new trial.