Ryan BRENNAN, Appellant

v.

The STATE of Texas, Appellee.

No. 14-02-01173-CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 24, 2004.

Marshall Douglas Murphy, Houston, for Appellant.

Lori DeAngelo Fix, Houston, for State.

Panel consists of Justices EDELMAN, FROST, and SEYMORE.

## OPINION

RICHARD H. EDELMAN, Justice.

Appellant's motion for rehearing is denied, the opinions issued in this case on January 15, 2004, are withdrawn, and the following opinions are issued in their place.

Ryan Brennan appeals a conviction for driving while intoxicated[1] on the ground that the trial court erred in denying his motion ("the motion") to suppress evidence because he was seized without reasonable suspicion and arrested without probable cause, each in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 9, of the Texas Constitution. We affirm.

An unlawful seizure (detention or arrest) is not, *per se*, cause to reverse a conviction. *See Lyles v. State*, 582 S.W.2d 138, 143 (Tex.Crim.App.1979). Rather, the sanction imposed against an unlawful seizure is the exclusion of evidence thereby obtained. *Stiggers v. State*, 506 S.W.2d 609, 611 (Tex.Crim.App.1974). Thus, an

---

1. Appellant entered a guilty plea, and the trial court assessed punishment of 180 days confinement, probated for one year, and a $250 fine.

unlawful seizure that produces no evidence of culpability does not vitiate a conviction. *Id.* Therefore, when a defendant fails to state what evidence, if any, was obtained as a result of an alleged unlawful seizure, no error is shown in overruling his motion to suppress.[2] Correspondingly, in deciding whether to address the merits of an appeal of a denial of a motion to suppress, an appellate court must first identify the fruits that the trial court held would not be suppressed. *Gonzales v. State,* 966 S.W.2d 521, 524 (Tex.Crim.App.1998). If it is not clear from the testimony and exhibits what the "fruits" are, then the appellate court need not address the merits of the claim. *Id.*

■ In this case, the motion sought to suppress "any and all evidence seized or obtained as a result of the illegal acts on behalf of the Government in this criminal proceeding . . . ."; "the evidence which will be offered by the Government in this cause . . . ."; "[a]ny statements, acts or refusal to cooperate allegedly made by [appellant] in connection with this detention, search and seizure, and any tangible or other evidence seized or acquired then, or at any later time as a result . . . ."; "[a]ny statements or acts allegedly attributed to [appellant] . . . ."; the invocation of any rights asserted by appellant; "[a]ny oral, written or electronically recorded statements, acts or refusal to cooperate allegedly made by [appellant] . . . ."; and "the statements and acts of [appellant] and also of the seized and derivative evidence. . . ." Similarly, the body of the order appellant submitted for

a ruling on the motion stated, "On this day came on to be heard [appellant's] Motion to Suppress, and the Court having considered the same, it is hereby in all things, GRANTED/DENIED."[3] Neither in the hearing on the motion nor even in appellant's brief[4] did he specify what particular testimony, exhibits, or other items of evidence he sought to exclude.

■ Appellant's motion for rehearing asserts for the first time that the fruits of the illegal seizure are obvious and can easily and unmistakably be ascertained by reviewing the record. It identifies, for the first time, several examples of such items from the reporter's record of the hearing. However, to have identified these fruits from what is provided in appellants brief, as he now proposes, would have required this court to: (1) assume that evidence appellant sought to suppress had even been admitted into evidence at the hearing, which it was not required to be;[5] (2) search the 50 page reporter's record of the hearing and apply applicable law to it to determine which items might arguably have been such fruits; and then (3) assume that appellant would have done likewise. On the contrary, our role is merely to evaluate the grounds of error presented by the appellant, not to develop them for him.

Because the points of error in appellants brief, challenging the denial of his motion to suppress, failed to identify what, if any, evidence was ruled upon by the denial, they present nothing for our review and are overruled.[6] Accordingly, the judgment of the trial court is affirmed.

---

**2.** *Massey v. State,* 933 S.W.2d 141, 148 (Tex. Crim.App.1996); *Johnson v. State,* 548 S.W.2d 700, 706 (Tex.Crim.App.1977).

**3.** On the signed order, the trial court's denial of the motion was signified by crossing out the word, "GRANTED," and circling the word, "DENIED."

**4.** In this regard, appellant's brief states only: "All derivative evidence of the illegal seizure and illegal arrest must be suppressed . . . ." and "Accordingly, all fruits of his illegal detention, seizure and arrest should be excluded. . . ."

**5.** *See Gonzales,* 966 S.W.2d at 524.

**6.** *See Lewis v. State,* No. 14–01–00735–CR

KEM THOMPSON FROST, Justice, concurring.

I respectfully concur in the court's judgment, but write separately to clarify one point.

Although the majority opinion addresses appellant's failure to identify the evidence obtained as a result of any alleged illegal act, it does not discuss one of the reasons identification of the evidence is so important. The Texas exclusionary rule requires the exclusion of evidence "obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America." TEX.CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp.2004). This rule imposes serious consequences for any illegal acquisition of evidence and thus operates to discourage searches and seizures in violation of the law. *Macklin v. State*, 861 S.W.2d 39, 41 (Tex.App.-Houston [14th Dist.] 1993, pet. ref'd) (stating that entire purpose of exclusionary rule is to discourage illegal searches and seizures in violation of the Fourth Amendment by making evidence so seized inadmissible). Evidence should be excluded once a causal connection between the illegality and the evidence is established. *Roquemore v. State*, 60 S.W.3d 862, 871, 872 n. 15 (Tex. Crim.App.2001). When, as in this case, the accused has not identified any evidence as fruit of an illegal search or seizure, he cannot reasonably expect the reviewing court to determine whether the trial court erred in its assessment of the causal connection between any alleged illegal acts and the acquisition of evidence.

(Tex.App.-Houston [14th Dist.] July 18, 2002, pet. ref'd) (not designated for publication), 2002 WL 1591673, at *2; *Reha v. State*, No.

14–95–01349–CR (Tex.App.-Houston [14th Dist.] Sept. 25, 1997, pet. ref'd) (not designated for publication), 1997 WL 590165, at *3.