Motion for Rehearing Overruled; Majority and Concurring Opinions Issued
January 15, 2004, Withdrawn; and Substituted Majority and Concurring Opinions
filed June 24, 2004









 

Motion for Rehearing Overruled; Majority and
Concurring Opinions Issued January 15, 2004, Withdrawn; and
Substituted Majority and Concurring Opinions filed June 24, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-01173-CR

____________

 

RYAN
BRENNAN, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

 

___________________________________________________

 

On Appeal from the County Criminal Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 1119468

 

___________________________________________________

 

S U B S T I T U T E D   C O N C U R R I N G   O P I N I O N

I 
respectfully concur in the court=s
judgment, but write separately to clarify one point.








Although the majority opinion
addresses appellant=s failure
to identify the evidence obtained as a result of any alleged illegal act, it
does not discuss one of the reasons identification of the evidence is so
important.  The Texas exclusionary rule
requires the exclusion of evidence Aobtained
by an officer or other person in violation of any provisions of the Constitution
or laws of the State of Texas, or of the Constitution or laws of the United
States of America.@  Tex.
Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2004).  This rule imposes serious consequences for any
illegal acquisition of evidence and thus operates to discourage searches and
seizures in violation of the law.  Macklin
v. State, 861 S.W.2d 39, 41 (Tex. App.CHouston [14th Dist.] 1993, pet. ref=d)
(stating that entire purpose of exclusionary rule is to discourage illegal
searches and seizures in violation of the Fourth Amendment by making evidence
so seized inadmissible).  Evidence should
be excluded once a causal connection between the illegality and the evidence is
established.  Roquemore v. State,
60 S.W.3d 862, 871, 872 n.15 (Tex. Crim. App. 2001).  When, as in this case, the accused has not
identified any evidence as fruit of an illegal search or seizure, he cannot
reasonably expect the reviewing court to determine whether the trial court
erred in its assessment of the causal connection between any alleged illegal
acts and the acquisition of evidence.

 

/s/        Kem Thompson Frost

Justice

 

Judgment rendered and Substituted Majority
and Concurring Opinions filed June 22, 2004.

Panel consists of Justices Edelman, Frost,
and Seymore.  (Edelman, J. majority.)

Publish C Tex. R. App.
P. 47.2(b).