Affirmed and Memorandum Opinion filed March 3, 2009








Affirmed and Memorandum Opinion filed March 3, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00454-CR

____________

 

JUSTIN PHILIP LOVELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 12

Harris County, Texas

Trial Court Cause No. 1487072

 



 

M E M O R A N D U M   O P I N I O N

Appellant, Justin Philip Lovell, was charged with driving
while intoxicated.  Tex. Penal Code Ann. ' 49.04 (Vernon
2003).  The trial court denied appellant=s motion to
suppress and appellant entered a plea of nolo contendere.  The trial court
assessed punishment at six days= confinement in the Harris County Jail and
a $1000 fine.  In one issue, appellant argues the trial court erred in denying
his motion to suppress evidence seized during the allegedly illegal stop of his
vehicle in violation of the Fourth Amendment to the United States Constitution
and Article I, Section 9, of the Texas Constitution.  We affirm.








Factual and Procedural History

On October 21, 2007, at approximately 1:30 a.m., Officer
Tovar observed appellant=s vehicle exiting a club parking lot,
weaving, and crossing into an incoming lane while making a sharp turn.  Officer
Tovar suspected appellant was intoxicated.  Because Officer Tovar was
transporting a prisoner in his patrol car, he radioed Officer T. Phan for
assistance, who subsequently stopped appellant and arrested him for driving
while intoxicated.

Appellant filed a motion to suppress, and the trial court
conducted a hearing.  The trial court denied appellant=s motion.

Discussion

A.      Standard
of Review








We review a trial court=s ruling on a
motion to suppress under a bifurcated standard of review, giving almost total
deference to the trial court=s findings of historical fact supported by
the record and reviewing de novo the trial court=s application of
the law of search and seizure.  Carmouche v. State, 10 S.W.3d 323, 327
(Tex. Crim. App. 2000); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).  The trial court is the exclusive trier of fact and judge of the
credibility of the witnesses and the weight to be given to their testimony at
the suppression hearing.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000).  As the trier of fact, the trial court is free to believe or
disbelieve all or any part of a witness=s testimony, even
if the testimony is uncontroverted.  Id.; Marsh v. State, 140
S.W.3d 901, 905 (Tex. App.CHouston [14th Dist.] 2004, pet ref=d).  In reviewing
a trial court=s ruling on a motion to suppress, an appellate court
must view the evidence in the light most favorable to the trial court=s ruling.  State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the trial court
fails to make explicit findings of fact, we imply fact findings that support
the trial court=s ruling so long as the evidence supports
these implied findings.  Gutierrez v. State, 221 S.W.3d 680, 687 (Tex.
Crim. App. 2007).  If the trial court=s ruling is
reasonably supported by the record and is correct under any theory of the law
applicable to the case, the reviewing court will sustain it upon review.  Villarreal
v. State, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).

B.      Analysis

Appellant urges the trial court erred by denying his motion
to suppress evidence seized after an allegedly illegal traffic stop of his
vehicle but does not specifically identify the allegedly illegally obtained
evidence that should have been suppressed.  An unlawful seizure is not, per
se, cause to reverse a conviction.  See Lyles v. State, 582 S.W.2d
138, 143 (Tex. Crim. App. 1979).  Rather, the sanction imposed against an
unlawful seizure is the exclusion of the evidence improperly obtained.  Stiggers
v. State, 506 S.W.2d 609, 611 (Tex. Crim. App. 1974).  Thus, an unlawful
seizure that produces no evidence of culpability does not vitiate a
conviction.  Id.  As this court has previously held:

When a defendant fails to state what evidence, if any, was obtained as
a result of an alleged unlawful seizure, no error is shown in overruling his
motion to suppress.  Correspondingly, in deciding whether to address the merits
of an appeal of a denial of a motion to suppress, an appellate court must first
identify the fruits that the trial court held would not be suppressed.  If it
is not clear from the testimony and exhibits what the Afruits@ are, then the appellate court need
not address the merits of the claim.  

 

Brennan
v. State, 140 S.W.3d 779, 781 (Tex. App.CHouston [14th
Dist.] 2004, pet. ref=d).  Because the point of error in
appellant=s brief, challenging the denial of his motion to
suppress, failed to identify what, if any, evidence was ruled upon by the
denial, it presents nothing for our review and is overruled.  Accordingly, the
judgment of the trial court is affirmed.

 

 








Conclusion

Having overruled appellant=s single issue on
appeal, we affirm the trial court=s judgment.

 

 

 

 

 

                                                                             


/s/      John S. Anderson

Justice

 

 

 

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).