AFFIRM; and Opinion Filed March 19, 2013.



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-11-00966-CR

## KENNETH D. ARMSTEAD, Appellant
## V.
## THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2
Kaufman County, Texas
Trial Court Cause No. 10CL-0720-02

## MEMORANDUM OPINION
Before Justices Bridges, O'Neill, and Murphy
Opinion by Justice Murphy

Appellant Kenneth D. Armstead was convicted of driving while intoxicated, and the jury assessed punishment at one year in the Kaufman County jail and a $4000 fine. *See* TEX. PENAL CODE ANN. § 49.04. (West Supp. 2012). He raises four issues, arguing the trial court erred by denying his motion to suppress and his trial counsel provided ineffective assistance of counsel. We affirm.

## BACKGROUND

State Trooper Chris Countryman with the Texas Department of Public Safety was the only person the State called to testify. He stated he was on duty on December 10, 2009, when he was called to the scene of a one-vehicle crash on a county road in Kaufman County. When he arrived, he found Armstead "behind the wheel of his vehicle crashed into a tree." EMS

personnel were also on the scene. Countryman talked to Armstead and noticed that he had "very slurred speech." When he asked him to get out of his vehicle, Armstead "kind of fell, lost his balance a little bit." Countryman noticed Armstead had "[b]loodshot eyes and just a smell of an alcoholic beverage coming from his person."

Armstead told Countryman he was going home from a friend's house and drove off the road two blocks "from where he started." Countryman also testified Armstead told him that he had had one or two beers.

Countryman determined that Armstead was unable to perform a standardized field sobriety test because they were on a gravel road, so he decided to take Armstead to a water tower with a paved area where he could conduct the test properly. Countryman handcuffed Armstead and put him in the front seat of his car to take him to the paved area. Countryman said that he "advised him multiple times he wasn't under arrest" and he only used handcuffs for Armstead's safety.

Countryman removed Armstead's handcuffs once they reached the water tower and performed a standardized field sobriety test. Following the test, Countryman arrested Armstead for DWI and drove him to the Kaufman County jail. Upon arriving at the jail, Countryman took Armstead to the "intoxilyzer room," but Armstead refused to give a breath specimen.

Armstead was charged by information with DWI. He filed a motion to suppress evidence before trial in which he argued he "was arrested without lawful warrant, probable cause or other lawful authority." The trial court held a hearing to consider pretrial motions, but Armstead's trial counsel stated that he was "not necessarily asking for a pretrial hearing on [that motion]." He suggested instead that "if the court wants to hear the [motion] simultaneously with the hearing, and then at the conclusion of the trial, I'll move to suppress the evidence. So that way . . . the court won't have to hear the testimony outside the jury's presence . . . ." Armstead's trial

–2–

counsel reasoned that if the court granted his motion to suppress, everything the State introduced would be suppressed, and "the State will have no case left." The State did not object, and the trial court agreed to Armstead's suggestion. After the State presented its evidence, the court held a suppression hearing outside the jury's presence. The trial court denied Armstead's motion. The jury found appellant guilty and assessed punishment. This appeal followed.

## MOTION TO SUPPRESS

Armstead argues in his first three issues that the trial court erred by overruling his motion to suppress because the record in this case does not support the trial court's conclusion that the arresting officer had probable cause to arrest him for DWI.

### Standard of Review and Applicable Law

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). We do not engage in our own factual review; rather, the trial judge is the sole trier of fact and judge of credibility of the witnesses and the weight to be given to their testimony. *St. George*, 237 S.W.3d at 725. We give almost total deference to a trial court's determination of historical facts, particularly when the trial court's findings are based on an evaluation of credibility and demeanor. *Id.*; *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We also afford the same deference to mixed questions of law and fact if resolving those questions turns on an evaluation of credibility and demeanor. *Guzman*, 955 S.W.2d at 89. We apply a de novo review to all other mixed questions of law and fact as well as to the trial court's application of search and seizure law. *State v. Garcia-Cantu*, 253 S.W.3d 236, 241 (Tex. Crim. App. 2008); *Guzman*, 955 S.W.2d at 89.

A police officer may arrest a person without a warrant only if he has probable cause regarding the person and the arrest falls within a statutory exception to the warrant requirement.

*Torres v. State*, 182 S.W.3d 899, 901 (Tex. Crim. App. 2005). Probable cause to arrest exists if, at the moment of the arrest, the facts and circumstances within the officer's knowledge and of which he had reasonably trustworthy information were sufficient for a prudent person to believe the arrested person had committed or was committing an offense. *Parker v. State*, 206 S.W.3d 593, 596 (Tex. Crim. App. 2006).

A motion to suppress is nothing more than a specialized objection to the admissibility of evidence. *Black v. State*, 362 S.W.3d 626, 633 (Tex. Crim. App. 2012); *Porath v. State*, 148 S.W.3d 402, 413 (Tex. App.—Houston [14th Dist.] 2004, no pet.). A motion to suppress therefore must meet all of the rule 33.1(a)(1)(A) requirements; that is, it must be timely and sufficiently specific to inform the trial court of the complaint. *Porath*, 148 S.W.3d at 413; *see also* TEX. R. APP. P. 33.1(a)(1)(A). Specifically, a motion to suppress must identify the items that the defendant seeks to suppress. *Amador v. State*, 275 S.W.3d 872, 874 n.3 (Tex. Crim. App. 2009) (quoting W. LAFAVE, SEARCH AND SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 11.2(a) at 35 (4th ed. 2004)). In the absence of such identification, the State and the trial court are left unaware of how the defendant was harmed by the allegedly illegal government activity. *Id.*

## Analysis

Armstead claimed in his motion to suppress that he "was arrested without lawful warrant, probable cause or other lawful authority in violation of the rights of [Armstead] pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution . . . [and] Article I, Section 9, 10, and 19 of the Constitution of the State of Texas." Armstead's motion includes a list of matters to be suppressed, including: "[a]ny and all tangible evidence seized by law enforcement officers or others in connection" with the investigation of this case, "including but not limited to Video and audio recordings, and any testimony by the law enforcement

authorities or any other law enforcement officers or others concerning such evidence"; ". . . any and all evidence which relates to the arrest, and any testimony by the law enforcement authorities or any other law enforcement officers or others concerning any action of [Armstead] while in detention or under arrest . . . ."; "[a]ll written and oral statements made by [Armstead] to any law enforcement officers or others in connection with this case"; "[f]ield sobriety [t]ests"; and "[a]ny other matters that the Court finds should be suppressed upon hearing of this motion." Beyond these statements, Armstead never identified in the trial court record, the hearing on the motion to suppress, or his appellate brief what particular testimony or evidence he was asking the trial court to exclude.

Armstead's written motion contains only a general "boilerplate" description that fails to provide any specificity regarding what evidence he requests be suppressed. When a defendant fails to state what evidence, if any, was obtained as a result of an alleged unlawful seizure, he cannot show trial court error in overruling his motion to suppress. *Brennan v. State*, 140 S.W.3d 779, 781 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd); *see also Johnson v. State*, 548 S.W.2d 700, 706 (Tex. Crim. App. 1977) ("Since the appellant fails to state what evidence, if any, was obtained as a result of the alleged unlawful arrest and what evidence, if any, obtained incident to the alleged unlawful arrest was introduced, we perceive no error in the overruling of his motion to suppress."). Without more specificity, both the trial court and this Court are left to presume what evidence Armstead claims should be suppressed. For example, Countryman testified that he asked Armstead how many beers he had when he arrived at the accident, and Armstead responded he had had one beer; he later changed his answer to two. Countryman also testified that, upon first arriving at the scene and speaking to Armstead, he noticed his slurred speech, bloodshot eyes, the smell of alcohol, and the fact that Armstead lost his balance when he got out of his car. These were the officer's initial observations, and Armstead does not argue he

was under arrest at that point. Without specifying what evidence Armstead claims should be suppressed, we are left to guess regarding the scope of Armstead's motion. As the Fourteenth Court of Appeals noted in a similar situation, the appeals court's role is to evaluate the grounds of error presented by the appellant, not to develop them for him. *Brennan*, 140 S.W.3d at 781. Armstead, by failing to identify what evidence he requests be suppressed, presents nothing for our review. *See Amador v. State*, 275 S.W.3d at 874 n.3; *Brennan*, 140 S.W.3d at 781.

We also conclude any error in the admission of the unspecified evidence was harmless. Assuming Armstead showed error, we would be required to conduct a harm analysis to determine whether the error required reversal of the judgment. TEX. R. APP. P. 44.2. The harm analysis for the erroneous admission of evidence obtained in violation of the Fourth or Fifth Amendment is rule 44.2(a)'s constitutional standard. *See Hernandez v. State*, 60 S.W.3d 106, 108 (Tex. Crim. App. 2001) (Fourth Amendment); *Newbrough v. State*, 225 S.W.3d 863, 867 (Tex. App.—El Paso 2007, no pet.) (same); *Ramos v. State*, 245 S.W.3d 410, 419 (Tex. Crim. App. 2008) (analyzing Fifth Amendment violation under TEX. R. APP. P. 44.2(a)). Under that standard, we must reverse a judgment of conviction unless we determine beyond a reasonable doubt that the error did not contribute to the conviction. *See* TEX. R. APP. P. 44.2(a).

It is well settled that inadmissible evidence can be rendered harmless if other evidence at trial is admitted without objection and it proves the same fact as the inadmissible evidence. *See, e.g., Anderson v. State*, 717 S.W.2d 622, 628 (Tex. Crim. App. 1986); *Ross v. State*, 763 S.W.2d 897, 903 (Tex. App.—Dallas 1988, pet. ref'd) (applying rule in *Anderson* to evidence allegedly the fruit of illegal search and seizure). The presence of overwhelming evidence supporting the fact in question can be a factor in the harmless error evaluation. *Wesbrook v. State*, 29 S.W.3d 103, 119 (Tex. Crim. App. 2000).

According to the jury instructions, the jury had to find, in part, that Armstead was driving a motor vehicle in a public place while intoxicated to find him guilty of DWI. *See* TEX. PENAL CODE ANN. § 49.04. "Intoxicated" is defined in both the jury instructions and penal code as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of the two or more of those substances, or any other substance into the body, or having an alcohol concentration of 0.08 or more." *Id.* § 49.01.

Armstead took the stand in his own defense. He admitted that, on the day of the offense, he took three hydrocodone at work and another "four to four and a half hydrocodone" later that day. At 10 milligrams apiece, this was approximately 70–75 milligrams of hydrocodone, a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.002, 481.102, 481.104 (West 2010). He also admitted this was "too much medication" and that taking this much hydrocodone caused him to become "light-headed" and "thick-tongued." He also claimed he was lost, a fact which the medication did not help. The jury charge authorized the jury to convict Armstead because he lacked the normal use of his physical faculties, a claim to which Armstead confessed. We therefore conclude admission of the unspecified evidence—even if Armstead was able to show that it was admitted in error—was harmless because Armstead admitted at trial to facts proving the elements of his DWI charge. We thus overrule Armstead's first three issues.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his fourth issue, Armstead argues that his Sixth Amendment right to effective assistance of counsel was violated when his trial counsel failed to properly communicate a plea bargain by the State "on terms and conditions favorable to him." According to Armstead's brief, the State offered him a probation plea bargain of one year to avoid trial. He claims his defense counsel at trial did not communicate this plea bargain "on terms and conditions favorable to

him." He argues that if he would have been offered effective assistance of counsel, he would have accepted the plea bargain. It is not clear from Armstead's brief whether he is claiming his trial counsel failed to make him aware that the State had offered him a plea bargain or whether his trial counsel communicated the plea bargain to him but failed to do so "on terms and conditions favorable to" Armstead. Whatever he claims the facts to be, Armstead opines that his trial counsel seems to have reasoned that federal and state constitutional grounds "provided him the best opportunity of avoiding a guilty plea."

*Standard of Review and Applicable Law*

The United States Supreme Court has held that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. *Missouri v. Frye*, 132 S. Ct. 1399, 1408 (2012). Claims of ineffective assistance of counsel in the plea bargain context are governed by the two-part test of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Frye*, 132 S. Ct. at 1405.

To prevail on an ineffective assistance of counsel claim, appellant must show by a preponderance of the evidence both deficient performance and prejudice. *Strickland*, 466 U.S. at 687; *Williams v. State*, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009). Appellant must demonstrate under the first prong that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 687–88; *Ex parte Lane*, 303 S.W.3d 702, 707 (Tex. Crim. App. 2009). To meet the second prong, appellant has to show the existence of a reasonable probability, sufficient to undermine confidence in the outcome, that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694; *Ex parte Lane*, 303 S.W.3d at 707. More specifically, to show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, Armstead must demonstrate

a reasonable probability he would have accepted the plea offer had he been afforded effective assistance of counsel. *Frye*, 132 S. Ct. at 1409. He must also demonstrate a reasonable probability the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if state law allowed the prosecution or the trial court that discretion. *Id.* An appellant's failure to satisfy one prong of the *Strickland* standard negates our need to consider the other prong. *Williams*, 301 S.W.3d at 687.

In determining whether Armstead met his burden, we consider the totality of the representation and the particular circumstances of this case. *Ex parte Lane*, 303 S.W.3d at 707. We presume counsel's conduct fell within the wide range of reasonable professional assistance and do not judge counsel's actions in hindsight. *Strickland*, 466 U.S. at 689; *Ex parte Lane*, 303 S.W.3d at 707. The fact that another attorney might have pursued a different strategy at trial is not sufficient to prove counsel was ineffective. *Scheanette v. State*, 144 S.W.3d 503, 509 (Tex. Crim. App. 2004).

The record must demonstrate affirmatively the deficient performance Armstead challenges. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Without evidence of counsel's considerations, we will presume sound trial strategy. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). We commonly assume a strategic motive if any can be imagined and find counsel's performance deficient only if the conduct was so outrageous that no competent attorney would have engaged in it. *Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

The court of criminal appeals has stated previously that the record on direct appeal generally will not be sufficient to show that counsel's representation was so deficient as to meet the first part of the *Strickland* standard and thus a writ of habeas corpus is the more appropriate

vehicle to raise ineffective assistance of counsel claims. *Rylander*, 101 S.W.3d at 110 n.1 (internal quotation omitted).

*Analysis*

Armstead has failed to bring us any record supporting his claim of ineffective assistance of counsel. The record contains no mention that the State offered a plea bargain to Armstead or that Armstead's trial counsel either conveyed or failed to convey the offer to Armstead. Even if there was mention of a plea bargain, the record is silent as to trial counsel's strategy or reasoning. In most cases, a silent record will not overcome the strong presumption of counsel's reasonable assistance. *See id.* at 110–11. A basic corollary is that counsel should be given the opportunity to explain any actions or inactions before being adjudged incompetent. *Id.* at 111. This has not occurred, and Armstead has not shown that this case is one of those extraordinary situations in which the face of the record shows counsel's challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) (citing *Thompson*, 9 S.W.3d at 814). We overrule Armstead's fourth issue and affirm the trial court's judgment.

_____
MARY MURPHY
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

110966F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KENNETH D. ARMSTEAD, Appellant

No. 05-11-00966-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 1, Kaufman County, Texas
Trial Court Cause No. 10CL-0720-02.
Opinion delivered by Justice Murphy.
Justices Bridges and O'Neill participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 19th day of March, 2013.

_____
MARY MURPHY
JUSTICE